Stephen M. Uthoff, State Bar No. 145206
E-mail: suthoff@uthofflaw.com
The Uthoff Law Corporation
401 E. Ocean Blvd., Suite 710
Long Beach, California 90802
Tele: 562-437-4301
Fax: 562-437-4341

Attorneys for Plaintiff
CMA-CGM AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CMA-CGM AMERICA INC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BARROW FREIGHT SYSTEM, INC.<br><br>　　　　　Defendants. | Case No.<br><br>**IN ADMIRALTY**<br><br>**COMPLAINT FOR MONEY DUE UNDER TARIFF, BREACH OF CONTRACT(S), ACCOUNT STATED, AND OPEN BOOK ACCOUNT; CERTIFICATE OF INTERESTED PARTIES** |

//
//
//
//

1

CMA-CGM America Inc. alleges that:

## FIRST COUNT

### (For Money Due Under Tariff)

1.  **JURISDICTION:**  This Court has jurisdiction under 28 U.S.C. §§1331 and 1333.  This matter arises under the laws of the United States, in particular, The Shipping Act of 1984,[1] 46 U.S.C. §§1701 et seq. (hereinafter "The Act"). This claim also involves contract(s) within the jurisdiction or claims pendent or ancillary to the same.  This is an admiralty and maritime claim.

2.  CMA-CGM America Inc is the agent for CMA CGM a common carrier by water (collectively "Plaintiff"), *inter alia*, in the interstate and foreign commerce of the United States as defined in The Act. Barrow Freight System, Inc. is a motor common carrier subject to that certain Uniform Intermodal Interchange Agreement found in the filed tariff of Plaintiff.

3.  Defendants, and each of them, are, and were at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and is and was a legal entity capable of being sued.  Each defendant is believed to be the agent or alter-ego of each remaining defendant.

4.  Venue is proper in this judicial district because it is where the claim arose and/or because Defendant(s) resides or does business in the district and/or Defendant(s) are aliens.

5.  Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage and dockage, equipment charges,  per diem and demurrage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Act.

---

[1] To the extent shipments occurred after March 1, 1999, the Act applies as amended by The Ocean Shipping Reform Act of 1998.

6. Plaintiff provided equipment to Defendants during 2004-2006 for use in the foreign commerce of the United States. Such transportation is evidenced by Plaintiff's interchange receipts, credit agreements, invoices and freight guarantees, the terms of which are incorporated herein through this reference. Plaintiff has fully performed its tariff obligations. A summary of Plaintiff's invoices for the outstanding charges for equipment provided to Defendant is attached as Exhibit A.

7. Plaintiff has demanded that Defendant pay the full amount due of $14,626.00.

8. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

9. Consequently, Defendant is liable to Plaintiff in the amount of $14,626.00, plus reasonable attorneys' fees and interest thereon.

## SECOND COUNT

### (For Breach Of Written Contract(s))

10. Plaintiff refers to paragraphs 1 through 9 of this complaint and incorporates them herein by this reference.

11. Said equipment was provided to Defendant under that certain Uniform Intermodal Interchange Agreement.

12. Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

13. Plaintiff has demanded that Defendant pay the amount due under said contracts and Defendant has refused to pay thereon.

14. Consequently, Defendant is liable to Plaintiff in the amount of $14,626.00, plus reasonable attorneys' fees and interest thereon.

## THIRD COUNT

### (For Account Stated)

15. Plaintiff refers to paragraphs 1 through 14 of this complaint and incorporates them herein by this reference.

3

16. Within the last four (4) years, an account was stated in writing by and between Plaintiff and Defendant wherein it was agreed that Defendant was indebted to Plaintiff as reflected in Exhibit A.

17. Despite due demand, the sum of $14,626.00 is now due, owing and unpaid on said account stated.

## FOURTH COUNT

### (For Open Book Account)

18. Plaintiff refers to paragraphs 1 through 17 of this complaint and incorporates them herein by this reference.

19. Within the last four (4) years, Defendant became indebted to Plaintiff on an open book account as identified in Exhibit A, which Defendant agreed to pay.

20. Despite due demand, the sum of $14,626.00 is now due, owing and unpaid on said open book account.

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For the sum of $14,626.00;
2. For costs of collection, according to proof;
3. For costs of suit incurred herein, according to proof;
4. For pre-judgment and post-judgment interest;
5. For reasonable attorneys' fees; and
6. For such other and further relief as the Court deems just and proper.

Dated: March 24, 2008

By: ____s/ Stephen M. Uthoff_____
Stephen M. Uthoff
Uthoff Law Corporation
Attorneys for Plaintiff
CMA-CGM AMERICA INC.

4

CERTIFICATE AS TO INTERESTED PARTIES
**(Local Rule 3-16)**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding:

    1.    CMA-CGM America Inc.

    2.    CMA-CGM a French Company

Dated: March 24, 2008

                By:    ____s/Stephen M. Uthoff_____
                           Stephen M. Uthoff
                           The Uthoff Law Corporation
                           Attorneys for Plaintiff
                           CMA-CGM AMERICA INC.